

**VIA ECF**

Judge Philip M. Halpern
District Judge
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

> Application granted. The redacted versions of Exhibits E and F to the Mr. Driscoll's declaration (Doc. 105-1, Doc. 105-2) will remain the publicly-filed versions of those exhibits and will replace those exhibits accompanying the original declaration (Doc. 91-5, Doc. 91-6). It appears that the unredacted version of those exhibits was inadvertently filed on the public docket (Doc. 106).
>
> The Clerk of Court is respectfully directed to: (1) modify the viewing level for Doc. 106 to the sealed viewing level, restricting access to that document and its attachments; and (2) terminate the pending motions, Doc. 105, Doc. 106.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> December 22, 2022

## LETTER MOTION

| | | |
|---|---|---|
| Re: | | *S.A.G.R., an Infant by her Parent and Natural Guardian Arlyn Roque and Arlyn Roque Individually, v. United States of America and Loyal Source Government Services, LLC* |
| Docket No. | : | 21-cv-04013-PMH |
| BMS File No. | : | 399.0232 |

Dear Judge Halpern:

On behalf of the defendant Loyal Source Government Services, LLC ("Loyal Source"), our office has met and conferred with co-defendant The United States of America ("USA") regarding proposed redactions to Exhibit E and Exhibit F to Loyal Source's Motion to Transfer Venue (ECF. No. 95), as directed at oral argument held on December 14, 2022, and your Honor's Order dated December 14, 2022 (ECF. No. 103), defendant Loyal Source proposes redacting the following categories of information from Exhibits E and F.

> Exhibit E - Defendant's Responses and Objections to Plaintiff's First Set of Combined Demands for Discovery and Inspection

Loyal Source proposes to redact the names and direct contact information (phone numbers, email addresses) of the disclosed Government witnesses.

Exhibit F – Contract Between Loyal Source and United States Customs and Border Protection

Loyal Source proposes to redact:

- The names and direct contact information of Government personnel;
- Detailing pricing information; and
- Certain details of security procedures that are not directly relevant to this litigation.

While judicial documents are accorded a presumption of public access, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), courts may issue protective orders permitting the redaction of information for "good cause," Fed. R. Civ. P. 5.2(e)(1). "The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public." *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007). First, the court must determine whether the documents at issue are "judicial documents." *Stern*, 529 F. Supp. 2d at 420 (quoting *Lugosch*, 435F.3d at 119). Second, the court must determine the "weight of the presumption" of public access. *Id.* Third, the court must weigh countervailing interests against the presumption. *Id.*

"[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). "[T]he presumptive right of access is afforded 'strong weight' when applied to documents that play a central role in 'determining litigants' substantive rights—conduct at the heart of Article III.'" *Mirlis v. Greer*, 952 F.3d 51, 60 (2d Cir. 2020) (quoting *Amodeo*, 71 F.3dat1049). But information such as the names and other identifying information of low-level employees is "largely unrelated to the public interest," and may properly be withheld. *In re*

*Savitt/Adler Litigation*, No. 95 Civ. 1842 (RSP)(DRH), 1997 WL 797511, at*4 (N.D.N.Y. Dec.23, 1997); *see also id.* ("[T]he public can assess the Attorney General's actions without the names of the individual AAGs."); *Kelly v. City of New York*, No. 01 Civ. 8906 (AGS) (DF), 2003 WL548400, at *6 (S.D.N.Y. Feb. 24, 2003) ("[T]he public can assess the City's actions in discharging Plaintiffs without the names of the individual employees."). Accordingly, the personally identifying information of employees being withheld here warrants only a limited presumptive right of access. Moreover, here these documents are filed only to support the Court's determination as to the judicial district where venue is most appropriate; the location of relevant witnesses and parties is fully disclosed, and the identities of those individuals has little or no public significance.

Moreover, the countervailing interests against the presumption of access are significant. *Lugosch*, 435 F.3d at 120. "[T]he privacy interests of innocent third parties...should weigh heavily in a court's balancing equation." *SEC v. TheStreet.com*, 273F.3d 222, 232 (2d Cir. 2001)(citing *Amodeo*, 71 F.3d at 1051). "[I]ndividuals, including government employees and officials, have privacy interests in the dissemination of their names." *Massey v. FBI*, 3 F.3d 620, 624 (2d Cir. 1993); *see also Long v. OPM*, 692 F.3d 185, 196 ("Redaction of names goes a long way toward protecting against surveillance and publicity those things that are generally treated as nobody else's business."). CBP employees have an interest in their personally identifying information for many reasons. Disclosure of email address and phone numbers creates cyber security risks. And all personally identifying information of low-level employees risks unwarranted attribution and attention to the employee beyond the confines of his or her job and into his or her personal life.

For many of these reasons, courts have allowed for the redaction of names of individual employees where their identities have little or no bearing on the outcome of the litigation. *See*

*Kelly*, 2003 WL 548400, at *6 ("[R]edacting the employees' names will have minimal consequence on the public's ability to determine whether the City's stated policies regarding tax submissions were uniformly applied."). Accordingly, the Court should permit the documents to be filed with names, email addresses, and telephone numbers redacted.

Similarly, the Court should permit the documents to be filed with sensitive pricing information redacted. While the Loyal Source Government Services, LLC contract is a judicial document, as it was filed as an exhibit to a motion, the pricing information has no bearing upon either the motion to transfer venue or the case as a whole. Additionally, the Government could be disadvantaged by disclosure of detailed pricing information, which could allow contractors to adjust their bids for government contracts based upon information about what the Government has been willing to pay in this instance. *See Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2019 WL 10984156, at *1 (S.D.N.Y. Mar. 11, 2019) (holding that "the presumption of access is low and does not outweigh the parties' interest in protecting the proposed redacted information" in pricing and cost information).

Finally, Exhibit F contains a small number of redactions in Appendix A, Protocol for Intake, US 1460 to US 1464, relating to CBP procedures for separating detainees, including the facility where certain special needs detainees are taken. This information again has little to no bearing upon the motion to transfer venue, and presents significant countervailing security concerns for CBP. *See United States v. Ferris*, No. CR-09-0037-LRS, 2009 WL 3672072, at *3 (E.D. Wash. Nov. 4, 2009) (noting that "the protection of law enforcement techniques and procedures" is among those "law enforcement interests [that] are routinely accepted as higher values and countervailing factors").

For these reasons, Loyal Source, on behalf of itself and the USA, requests that it be permitted to file the redacted versions of Exhibits E and F on the public docket, attached hereto for your honor's convenience.

Respectfully submitted,<br>
BLACK MARJIEH & SANFORD LLP

Michael Driscoll, Esq. (MJD 5484)

cc: Meagher & Meagher, P.C.
*Attorneys for Plaintiffs*
111 Church Street
White Plains, New York 10601
914-328-8844
meagherandmeagher@verizon.net
lawoffice@meagherandmeagherpc.com

United States of America
*Attorneys for Defendant*
86 Chambers Street, Third Floor
New York, New York 10007
(212) 637-2737
Lucas.Issacharoff@usdoj.gov
Ariel.Wiley@usdoj.gov